**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAUL ANDERSON,**

               **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-1274-Orl-18JGG**

**COMMISSIONER OF SOCIAL SECURITY,**

               **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISQUALIFY JUDGE JAMES G. GLAZEBROOK AND JUDGE G. KENDALL SHARP (Doc. No. 9)** |
| **FILED:** | September 5, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION TO DISQUALIFY JUDGE JAMES G. GLAZEBROOK AND JUDGE G. KENDALL SHARP (Doc. No. 10)** |
| **FILED:** | September 25, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

*Pro se* plaintiff, Paul Anderson, moves to disqualify the Honorable James G. Glazebrook, United States Magistrate Judge and the Honorable G. Kendall Sharp, United States District Judge,

pursuant to 28 U.S.C. § 455. Anderson bases his motion on Judge Sharp's Related Case Order, which requires compliance with Local Rule 1.04 by completing the form "Notice of Pendency of Other Actions." Anderson moved for clarification of the Related Case Order, and Judge Glazebrook ruled that "Plaintiff is required to comply with the Court's order and identify related cases. The identification of a related case does not necessarily mean that the cases will be consolidated." Docket 7. Anderson contends these orders violate his due process rights and evince judicial bias because, as he interprets the orders, he would be required to identify non-related cases that would then be consolidated with the instant case.

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself if his "impartiality might reasonably be questioned." To disqualify a judge under § 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir.1999) (quotation omitted). In *Liteky v. United States*, 510 U.S. 540, 556 (1994), the Supreme Court held where a judge's challenged actions "consist[ed] of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses," such actions were not sufficient to require recusal under § 455. *See also, Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir.1994) (adverse rulings in the same case do not constitute an extrajudicial source). In deciding whether a judge should recuse himself under § 455(a), the test is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337

F.3d 1317, 1321 (11th Cir.2003) (citation omitted). A judge has a strong duty to sit when there is no legitimate reason for recusal. *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994).

Anderson's disqualification motion is based on a fundamental misunderstanding of the Court's orders and the rules. Anderson focuses on the title of the form "Notice of Pendency of *Other* Actions" and argues the form requires disclosure of *all* actions. Anderson argues the Court's orders are contrary to Local Rule 1.04, which addresses consolidation of *related* actions. The body of the Notice of Pendency of Other Actions, however, requires the party only to identify *related* actions or to state that the action is not related to another case. Further, Judge Glazebrook's order made it clear that only *related* cases need be identified and even the identification of a related case may not result in consolidation.

Identification and evaluation of related cases for possible consolidation is a routine case administration function of the courts. The Court's orders in this case would not lead any objective, disinterested, lay observer to believe that either Judge Sharp or Judge Glazebrook are biased against Anderson.

Further, to the extent Anderson argues that it is improper to require him to complete the Notice of Pendency of Related Cases form because he is not an attorney (Local Rule 1.04(d) refers to a "counsel's duty"), that argument is without merit. *Pro se* litigants are required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989). Therefore, it is appropriate to require Anderson to identify any related cases.

Anderson's [9] motion to disqualify Judge Sharp and Judge Glazebrook is denied. Anderson's [10] "renewed" motion to disqualify Judge Sharp and Judge Glazebrook is denied as moot.[1]

Anderson's Notice of Pendency of Other Actions was due on September 14, 2006. Anderson shall comply with the Related Case Order and file his Notice of Pendency of Other Actions on or before October 10, 2006. Failure to comply with the Court's orders may result in the imposition of sanctions, including, but not limited to, dismissal of the case.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Technically, Anderson's "renewed" motion was improper as no order had been issued by the Court on his prior motion. Further, as there was no other pending issue for the Court to decide, a three week delay in ruling on Anderson's disqualification motion did not justify the filing of a second motion.