# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL ANDERSON,**

        **Plaintiff,**

**-vs-**                                              **Case No.   6:06-cv-1274-Orl-18JGG**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the Court's own motion. For the reasons set forth below, the Court recommends that Plaintiff Paul Anderson's complaint be dismissed for failure to comply with Court orders and failure to prosecute.

I.    **BACKGROUND**

On August 25, 2006, Anderson filed his *pro se* complaint in this action. Docket 1. The complaint is eighteen pages long and seeks review of the Commissioner of Social Security's denial of his application for disability benefits.[1] The complaint contains additional allegations regarding the Defendant's failure to act on his allegations of insurance fraud and felonies by private doctors. Anderson applied for and was granted leave to proceed *in forma pauperis*. Docket 2, 4.

---

[1] Anderson filed an amended complaint on August 28, 2006, that is substantively indistinguishable from his original complaint. Docket 5.

On August 28, 2006, the Court issued its standard Related Case Order. Docket 3. The Related Case Order requires counsel and any *pro se* party to comply with Local Rule 1.04(c), and to file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b). *Id*. The Related Case Order further requires the parties to use the attached form "Notice of Pendency of Other Actions" to comply with the Court's Order.

On August 30, 3006, Anderson filed a motion for clarification of the Related Case Order. Docket 6. Anderson's motion makes it clear that he misinterpreted the Court's Related Case Order as a command that he identify all cases, whether in state court or federal court, so that the cases could be consolidated. Anderson's motion objected that consolidation of the instant action with a state court action was illegal. On August 30, 2006, the Court ordered Anderson to comply with the Court's order and identify related cases. Docket 7. The Court further informed Anderson that identification of a related case does not necessarily mean that the cases will be consolidated. *Id*.

Anderson responded to the Court's order by moving to disqualify both District Judge G. Kendall Sharp and Magistrate Judge James G. Glazebrook. Docket 9, 10. Anderson argued that the Related Case Order and the subsequent order to comply violated his due process rights and evinced judicial bias because, as he interpreted the orders, he would be required to identify non-related cases that would then be consolidated with the instant case. Finding no grounds for disqualification pursuant to 28 U.S.C. § 455(a), the Court denied Anderson's motion to disqualify the assigned judges. Docket 12. The Court's order again explained to Anderson his obligations to identify related cases. Docket 12 at 3. The Court noted that Anderson's Notice of Pendency of Other Actions was past due, and ordered Anderson to comply with the Related Case Order and file his Notice of Pendency of Other Actions on or before October 10, 2006. Docket 12 at 4. The Court further warned Anderson that

"Failure to comply with the Court's orders may result in the imposition of sanctions, including, but not limited to, dismissal of the case." *Id*.

Anderson then moved for summary judgment, which the Court denied. Docket 15, 19. Anderson then filed a "Notice of Concern" regarding the Court's ruling on the summary judgment motion. Docket 20. In response to the "Notice of Concern," the Court issued an order on October 25, 2006. Docket 24. The Court informed Anderson that it could not discern whether the "Notice of Concern" was intended to appeal this Court's order denying his motion for summary judgment to the district judge pursuant to Fed. R. Civ. P. 72, and instructed Anderson on the proper method to file such an appeal. *Id*. The Court's order further noted that Anderson still had not filed his Notice of Pendency of Other Actions, despite three prior orders requiring him to do so. *Id*. The Court gave Anderson "one last opportunity" to comply with the Related Case Order, and directed Anderson to file his Notice of Pendency of Other Actions on or before November 8, 2006. *Id*. The Court again warned Anderson that "Failure to comply with the Court's order will result in a recommendation that Plaintiff's case be dismissed." *Id*.

On November 13, 2006, the Commissioner filed her motion for a more definite statement regarding the amended complaint. Docket 27. On the same day, the Court noticed a hearing on the motion for more definite statement, and ordered Anderson to show cause why his complaint should not be dismissed for failing to comply with the Court's Related Case Order (Docket 3), and the Court's orders on August 30, 2006 (Docket 7), September 26, 2006 (Docket 12), and October 25, 2006 (Docket 24) reaffirming the need to comply with the Related Case Order. Docket 28, 29. Anderson was ordered to appear in person at the hearing scheduled for November 22, 2006. *Id*. Again, the Court advised Anderson that "Failure to appear at the hearing or to show good cause for failing to

comply with the Court's orders may result in sanctions, including, but not limited to, dismissal of the case." *Id*.

On November 15, 2006, Anderson moved to reschedule the hearings set for November 22 so that the hearing on the motion for more definite statement and the hearing on the Court's order to show cause would be held on different days. Docket 32. Finding no good cause, the Court denied the motion to hold the scheduled hearings on different days. Docket 33.

Anderson failed to appear at the hearing on November 22, 2006, but he filed documents which the Court construed as a written response to the Commissioner's motion (Docket 30) and a written response to the OSC (Docket 31). Docket 39. On November 22, 2006, the Court granted the Commissioner's motion for a more definite statement, and ordered Anderson to file an amended complaint on or before December 18, 2006. Docket 39.[2] The Court advised Anderson that "Failure to comply with this order will result in a recommendation that the case be dismissed for failure to prosecute." *Id*.

Anderson filed a "Response" to the Court's order granting the motion for a more definite statement. Docket 41. Judge Sharp ordered the response stricken as he could not discern whether Anderson intended to appeal the order pursuant to Fed. R. Civ. P. 72. Docket 42. Anderson did not file a subsequent appeal of the Court's order granting the motion for a more definite statement.

---

[2] In support of the need for an amended complaint, the Court's order states in relevant part: "Anderson's allegations regarding the Defendant's failure to act on his allegations of insurance fraud and felonies by private doctors makes the complaint uncertain as to whether Anderson's complaint is limited solely to an appeal pursuant to Section 205(g) of the Social Security Act. The 18 page amended complaint also is not a short and plain statement of his claim as required by Fed. R. Civ. P. 8(a). Anderson further must comply with Fed. R. Civ. P. 10(b), which requires all averments to be made in numbered paragraphs. If Anderson is asserting more than one claim against Defendant, he must set out the counts separately in his complaint. Fed. R. Civ. P. 8(e)." The Court required adherence to proper formatting of the complaint due to the Commissioner's stated difficulty in responding to 18 pages of allegations that were unnumbered and unclear as to the exact nature of the claim.

Anderson did not file an amended complaint as directed. Instead, on December 18, 2006, he filed a motion to compel the Commissioner to answer the complaint. Docket 48. Anderson's motion contends that because his amended complaint is based on the Commissioner's decision to deny disability benefits, the Commissioner can easily answer the complaint. Docket 48 at 4. Anderson still has not complied with multiple orders to file his Notice of Pendency of Other Actions.

II. **THE LAW**

    A. **Sanctions**

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party under certain circumstances. Fed. R. Civ. P. 16(f) provides:

> If a party or party's attorney fails to obey **a scheduling or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16 (bold emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D)   In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16 (f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth*, 766 F.2d at 1535. In addition, the district court possesses the inherent power to police its docket. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Incident to this power, the judge may impose formal sanctions upon dilatory litigants. *See Mingo*, 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo*, 864 F.2d at 102.

The Eleventh Circuit also has interpreted Fed. R. Civ. P. 41(b) as permitting a court to dismiss a case *sua sponte* for failure to prosecute or failure to comply with Court orders. *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983), *citing, Martin-Trigona v. Morris*, 627 F.2d 680, 682 n. 1 (5th Cir.1980). *See also, Anthony v. Marion County General Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (district court may sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases).

Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the

defendants); *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth*, 766 F.2d at 1535; *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir.1982).

In *Goforth*, dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. *See Goforth*, 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth*, plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *See Goforth*, 766 F.2d at 1535. Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *See Goforth*, 766 F.2d at 1535.

In *Mingo*, a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines, warranted dismissal with prejudice. *See Mingo v. Sugar Cane Growers Co-Op of Florida*, 1989 WL 205633 (S.D. Fla. May 26, 1989), on remand from *Mingo*, 864 F.2d 101, 102 (11th Cir. 1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order.

III. **ANALYSIS**

Anderson has failed to comply with multiple orders of the Court. The Court has ordered Anderson on four separate occasions to file his Notice of Pendency of Other Actions. Docket 3, 7,

12, 24. The Court also ordered Anderson to appear in person to show cause why the case should not be dismissed for failing to comply with these orders, and he again failed to comply. Anderson's written submission in response to the OSC does nothing more than reiterate the same arguments that the Court previously rejected when it ordered Anderson to comply with the Related Case Order. Anderson's due process arguments are without merit, and he has failed to establish good cause for failing to comply with the above orders.

Anderson also has ignored the Court's order to file an amended complaint by December 18, 2006. In his motion to compel the Commissioner to file an answer, Anderson now informs the Court that he intended his response filed on November 27, 2006 (which the Court ordered stricken on November 27, 2006), to be an appeal pursuant to Fed. R. Civ. P. 72. Docket 48 at 3. Anderson's attempt to clarify the nature of his response twenty-one days after the Court struck it is simply too late. Without an order reversing the directive that Anderson file an amended complaint, Anderson remained obligated to comply with the Court's order.

The Court has warned Anderson on five separate occasions that his case could be dismissed if he failed to comply with the Court's orders. Docket 12, 24, 28, 29, 39. The last warning informed Anderson that failure to comply "will result in a recommendation" of dismissal. Docket 39.

Anderson has established a pattern of conduct of refusing to comply with Court orders that he disagrees with. The Court finds Anderson's failure to comply with Court orders is willful, in bad faith and that he is directly responsible. The Court has considered whether lesser sanctions are likely to compel compliance and have rejected them. As Anderson is proceeding *in forma pauperis*, he has no funds to pay monetary sanctions. The Court has given Anderson multiple warnings that clearly

informed him of the results of his noncompliance.  Still, Anderson refuses to comply with the Court orders.

Anderson's refusal to comply with Court orders and to amend his complaint as directed has interfered with the expeditious disposition of the case and constitutes a failure to prosecute.  As the plaintiff in the action, the most appropriate sanction is dismissal of the action.

**IT IS, THEREFORE, RECOMMENDED THAT:**

1. The Court dismiss Anderson's complaint;

2. The Court deny all pending motions;[3]

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 26, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party

---

[3] Anderson's motion to compel the Commissioner to answer the complaint is without merit, because the Court has directed that an amended complaint be filed and he has not complied.