# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PAUL ANDERSON,

           Plaintiff,

-vs-                                         Case No. 6:06-cv-1274-Orl-18JGG

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

## ORDER

This cause comes on for consideration before the Court upon the various motions and filings in the case of Paul Anderson vs. Commissioner of Social Security. Plaintiff Paul Anderson ("Plaintiff") filed his original Complaint on August 25, 2006 (Doc. 1) and thereafter filed an Amended Complaint on August 28, 2006. (Doc. 5.) On January 11, 2007, this Court issued an Order requiring Plaintiff to submit two pieces of information to the Court: 1) Plaintiff was ordered to advise the Court of any state actions that are related to the instant case; and 2) Plaintiff was advised to submit a more definite statement per the request of Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Defendant"). (See Doc. 58 at 1-2.) Plaintiff was notified that failure to comply with either of these requirements would be grounds for dismissal of his case. (See id.) Plaintiff has failed to comply with this Court's Order, and therefore this action is hereby **DISMISSED**. A brief history of the events leading up to this dismissal follows:

Upon Plaintiff's filing of his Amended Complaint, this Court entered a standard Related Case Order. (Doc. 3, filed August 28, 2006.) This requires the parties to submit to the Court, in compliance with Local Rule 1.04(c), whether there are similar or successive cases that require consolidation with the instant case. (See id.; Local Rule 1.04(c).) Plaintiff thereupon notified the Court that this action was his only federal case, but did not alert the Court as to whether there were any state actions related to the instant federal action. (See Doc. 6, filed August 30, 2006.) The result of Plaintiff's failure to thus notify was the Order issued by this Court on January 11, 2007, as noted above. Plaintiff was given ten days to advise the Court of any state actions related to the instant case, with failure to do so being grounds for dismissal. (Doc. 58.)

Additionally, on November 13, 2006, Defendant filed a motion for a more definite statement regarding Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(e). (Doc. 27.) After a hearing before the Honorable James G. Glazebrook, this motion was granted on November 22, 2006. (Doc. 39.) In the Order from Judge Glazebrook, Plaintiff was warned that failure to file a more definite statement would "result in a recommendation that the case be dismissed for failure to prosecute" under Local Rule 3.10. (Doc. 39 at 2.) Plaintiff has failed to file a more definite statement in the more than two months after this hearing. In the January 11, 2007 Order, Plaintiff was given ten days to submit his more definite statement, failure of which would be grounds for dismissal. (Doc. 58.)

Plaintiff's response to the January 11, 2007 Order was to file a bevy of motions and objections before the Court, none of which contained either a list of state actions related to the instant action or a more definite statement of his case. Among these filings was a renewed

Motion for Summary Judgment (Doc. 63, filed January 16, 2007), a Notice of Concern (Doc. 64, filed January 19, 2007), a Motion for Default Judgment (Doc. 65, filed January 19, 2007), a Motion for Evidentiary Hearing (Doc. 66, filed January 19, 2007), an Objection to an Order denying motion for entry of default (Doc. 67, filed January 19, 2007), an Objection to an Order denying motion for transcription of administrative record (Doc. 68, filed January 19, 2007), and finally an Objection to the January 11, 2007 Order. (Doc. 69, filed January 19, 2007.) However, in all these filings by Plaintiff, he never complied with the Court's January 11, 2007 Order.

Plaintiff has clearly mastered the art of filing unnecessary, extraneous motions and objections. What Plaintiff has not done, however, is mastered the concept of following this Court's orders. This Court was crystal clear in its January 11, 2007 Order of the repercussions Plaintiff would face if he failed to inform the Court of related pending state actions, as well as if he failed to file a more definite statement. This Court was more than patient with Plaintiff, allowing him additional time to comply with various court orders following Judge Glazebrook's Recommendation to Dismiss the Case. (Doc. 49, filed December 26, 2006.) The Court is, and has been, aware of Plaintiff's *pro se* nature and has appropriately given corresponding leeway. Instead of complying with this January 11, 2007 Order and taking advantage of the patience this Court has shown to him, Plaintiff essentially thumbed his nose at not only the Court, but also at the federal judiciary as a whole. The only possible result from this series of events is to dismiss this case.

Accordingly, because of Plaintiff's failure to comply with this Court's January 11, 2007 Order, this case is hereby **DISMISSED**. All Motions currently pending are hereby **DENIED AS MOOT**. Plaintiff's Objection to this Court's January 11, 2007 Order (Doc. 69) is hereby **STRICKEN** as unresponsive. The Clerk of the of the Court is **ORDERED** to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Orlando, Florida on this 5th day of February, 2007.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties